UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-2252 CAS (SPx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | RICHARD P. CHAVIRA V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants

Not present                Valerie Makarewicz

**Proceedings:**   **DEFENDANT'S MOTION TO DISMISS PETITION TO QUASH SUMMONS** (filed February 26, 2013) [Dkt. No. 7]

**I.   INTRODUCTION AND BACKGROUND**

On December 20, 2012, petitioner Richard P. Chavira filed the instant petition to quash an Internal Revenue Service ("IRS") administrative summons served on Desert Community Bank in El Monte, California on November 28, 2012.  Dkt. No. 1.  A copy of the summons is attached to plaintiff's complaint.  The summons seeks to review "all books, papers, records, and other data concerning all accounts" associated with petitioner for the 2010 calendar year held by Desert Community Bank.  Petitioner seeks to quash this third-party summons.

On February 26, 2013, defendant United States of America filed a motion to dismiss the petition for lack of subject matter jurisdiction.  Dkt. No. 7.  The government seeks to dismiss on the basis that petitioner failed to file his petition within the twenty day period provided for by statute, 26 U.S.C. § 7609(b)(2)(A)—petitioner filed the instant case twenty-two (22) days after the issuance of the summons—and therefore the petition must be dismissed for lack of subject matter jurisdiction.  The government also contends that petitioner failed to comply with other requirements under 26 U.S.C. § 7609(b)(2)(B) for quashing a third-party summons, including serving the IRS and Desert Community Bank by certified or registered mail with a copy of the petition within the 20-day period.

To date, petitioner has not filed an opposition to the government's motion.  The Court held a hearing on May 6, 2013, at which petitioner failed to appear.  After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-2252 CAS (SPx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | RICHARD P. CHAVIRA V. UNITED STATES OF AMERICA | | |

## II.   ANALYSIS

Although the government relies on Ponsford v. United States, 771 F.3d 1305, 1309 (9th Cir. 1985), for the proposition that failure to comply with the terms of section 7609(b)(2)(A) is jurisdictional, Ponsford is of dubious validity after the U.S. Supreme Court's decision in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). Irwin held that even though the provision of the Civil Rights Act allowing for suits against the government amounted to a limited waiver of sovereign immunity, the timeliness rules for presenting a claim were not jurisdictional, but to be treated like other statutes of limitations. Accordingly, the Court held that equitable tolling could apply to claims brought against the government, even though allowing such claims amounted to a waiver of sovereign immunity.

Following Irwin, a number of district courts in the Ninth Circuit have applied its teachings to 26 U.S.C. § 7609, finding that Ponsford has been superseded, and that the failure to file a timely petition to quash a third-party summons is not necessarily jurisdictional. See, e.g., Mackenzie v. United States, CV-99-0027, 1999 WL 1001598 (E.D. Cal. Oct. 4, 1999). However, the Court need not decide if equitable tolling is available in this case, because even if it were, petitioner offers no basis as to why any tolling should apply, nor any basis for excusing his failure to comply with the remaining requirements of section 7609. Equitable tolling is to be applied sparingly, Irwin, 498 U.S. at 96, and given that petitioner has also failed to comply with other requirements of the statute, there is no basis for excusing his late petition here.

## III.   CONCLUSION

In accordance with the foregoing, the Court GRANTS the government's motion to dismiss the petition to quash. The Clerk is directed to close the file.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |